[Cite as *State v. Sanders*, 2016-Ohio-1397.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                   Court of Appeals No. L-15-1068

     Appellee                                              Trial Court No. CR0201402448

v.

Terry L. Sanders                                          **DECISION AND JUDGMENT**

     Appellant                                             Decided:  March 31, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Terry Sanders, appeals the February 13, 2015

judgment of the Lucas County Court of Common Pleas which after accepting appellant's

guilty-plea, sentenced him to six years of imprisonment, ordered him to serve five years

of post-release control, and classified him as a Tier III sex offender. For the reasons set forth herein, we vacate the sentence of the lower court.

{¶ 2} On June 3, 2012, at approximately 4:30 a.m., appellant and co-defendant, Christian Cook, encountered the victim in Toledo, Lucas County, Ohio, as she was walking home. The men forced the victim to an abandoned house, removed her clothing, and forced themselves on her. Appellant engaged in both oral and vaginal sex with the victim. After hearing a noise in a nearby alley, appellant and his co-defendant fled taking the victim's purse and cellphone. The victim took refuge at a nearby Taco Bell where employees called 911. The police arrived, took a report, and then transported the victim to a hospital where a rape kit was prepared and swabs were sent to the Bureau of Criminal Investigation and Identification. Appellant was identified by the DNA evidence from the kit and a condom found at the scene also contained appellant's DNA.

{¶ 3} On September 9, 2014, the state filed an indictment charging appellant with one count of rape, a felony of the first degree, and his co-defendant, Christian Cook, with two counts of rape. On January 26, 2015, after rescheduling the trial multiple times, appellant entered a guilty plea to a lesser offense of attempted rape, a felony of the second degree. Although the court informed appellant that because of his plea he would be classified as a Tier III sex offender, the court provided no further explanation as to the accompanying registration obligations. On February 12, 2015, the court sentenced appellant to six years of imprisonment and ordered him to serve five years of post-release control. As in the plea hearings, the court informed appellant that he would be classified

2.

as a Tier III sex offender but did not explain the registration requirements. Appellant filed a notice of appeal on March 19, 2015, and raises three assignments of error:

I. The trial court erred to the prejudice of appellant in accepting a guilty plea, pursuant to *North Carolina v. Alford*, which was not made knowingly, in violation of appellant's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution.

II. The trial court committed plain error to the prejudice of appellant at sentencing by imposing court costs and financial sanctions without consideration of Appellant's present or future ability to pay.

III. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §10 of the Constitution of the State of Ohio.

{¶ 4} Appellant's first assignment of error contends that because the trial court did not fully inform him of the consequences of his guilty plea (the mandatory registration obligations as a sex offender) his due process rights were violated. The Supreme Court of Ohio has found that Crim.R. 11(C) establishes the process trial courts must use before accepting a felony plea of guilty or no contest. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 27.

3.

{¶ 5} While it is preferred that courts strictly adhere to the language in Crim.R. 11(C) in the explanation of the defendant's rights, should the trial court stray from the exact wording then a multi-step analysis must be performed to determine whether the plea should be considered void. *Clark* at ¶ 29-30. First, the court must determine whether the trial court failed to explain a defendant's constitutional right or a nonconstitutional right. If it concerned a constitutional right, the guilty or no contest plea must be considered void as though the defendant entered it "involuntarily and unknowingly." *Id.* at ¶ 30-31, quoting *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. In the present case, the court failed to inform appellant of the registration requirement attaching to the classification of a Tier III sex offender. Both appellant and the state treat this omission as concerning a nonconstitutional right. Crim.R. 11(C)(2)(c) lists the constitutional rights at issue, and since being informed of the punishment attaching to the crime is not one, their assumption is correct and this concerns a nonconstitutional right. *Veney* at ¶ 8-13; Crim.R. 11(C)(2)(c).

{¶ 6} When the court fails to inform the defendant of a nonconstitutional right, the court must then consider whether there was substantial compliance. *Clark* at ¶ 31-32, quoting *State v. Nero* 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). The Supreme Court of Ohio has defined "substantial compliance" as "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show

4.

a prejudicial effect. *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977); Crim.R. 52(A). However, if the trial court completely failed to comply with Crim.R. 11(C)(2)(a) (which includes the nonconstitutional right that the defendant be aware of the maximum punishment), then the analysis for prejudice is not implicated. *State v. McMahon*, 6th Dist. Sandusky No. S-14-036, 2015-Ohio-3300, ¶ 12, citing *Clark* at ¶ 32.

{¶ 7} This court has recently considered whether a failure to inform a defendant of registration requirements of a Tier III sex offender should be considered partial compliance or non-compliance. *McMahon* at ¶ 8, 12-13. The court recognized that the registration requirements for those classified as a Tier III sex offender were "punitive" in nature, and therefore the court's failure to inform the defendant of them was non-compliance with Crim.R. 11(C)(2)(a). *Id.* at ¶ 13-14, citing *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16 (registration requirements are punitive); *see also State v. Hines*, 6th Dist. Erie No. E-13-054, 2014-Ohio-1996, ¶ 12 (the court found that failure to inform defendant of notification requirement for Tier III sex offender constituted non-compliance). In *McMahon*, this court also found that because there was a complete lack of compliance with the statutory requirements, as a matter-of-law, the plea was not knowingly and voluntarily given. *McMahon* at ¶ 19.

{¶ 8} In this case, the trial court did not inform appellant of the registration requirements of a Tier III sex offender. This failure constitutes non-compliance on the part of the trial court, leaving appellant unaware of the extent of the punishment imposed upon him. This renders appellant's plea void as it cannot be considered as being given

5.

"knowingly and voluntarily." Since, as a matter of law, appellant did not give his plea knowingly or voluntarily, appellant need not show that the trial court's omissions prejudiced him. Appellant's first assignment of error is well-taken.

{¶ 9} Because we have determined that appellant's guilty plea was not knowing and voluntary, the issues raised in appellant's second and third assignments of error are therefore moot and we decline to address them. *See* App.R. 12(A)(1)(c).

{¶ 10} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair proceeding. Accordingly, the judgment of the Lucas County Court of Common Pleas is reversed. Appellant's plea and sentence are hereby vacated, and the matter is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____
JUDGE
Thomas J. Osowik, J.

James D. Jensen, P.J. _____
CONCUR. JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.