[Cite as *State v. Mahler*, 2017-Ohio-1222.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                          Court of Appeals No. OT-16-009

    Appellee                                    Trial Court No. 15 CR 048

v.

Robert Mahler                                    **DECISION AND JUDGMENT**

    Appellant                                  Decided:  March 31, 2017

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Loretta Riddle, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} Appellant, Robert Mahler, appeals the judgment of the Ottawa County Court

of Common Pleas, sentencing him to 60 months in prison following his plea of guilty to

one count of gross sexual imposition.

## A. Facts and Procedural Background

{¶ 2} On May 13, 2015, appellant was indicted on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. These charges stemmed from an incident that occurred in September 2010, in which appellant inappropriately touched the genitals of a preschool girl, B.C.

{¶ 3} Appellant made his initial appearance before the trial court on June 17, 2015, at which time he entered pleas of not guilty to the aforementioned charges. Following initial pretrial discovery, appellant's counsel filed a "suggestion of incompetency" with the court on July 7, 2015. In the filing, appellant's counsel stated that she had reason to believe appellant was not competent to stand trial. Consequently, appellant's counsel requested a competency evaluation for appellant under R.C. 2945.37. The trial court granted counsel's request on August 10, 2015, and ordered appellant to submit to a competency evaluation. Appellant was ultimately found to be competent to stand trial.

{¶ 4} Three months later, appellant appeared before the trial court for a plea hearing. At the hearing, appellant agreed to plead guilty to one count of gross sexual imposition in exchange for the state's dismissal of the remaining gross sexual imposition count. Prior to accepting appellant's guilty plea, the court engaged appellant in the following discussion:

2.

Q. How far did you go in school?

A. I graduated.

Q. Do you have any problems with reading?

A. Yeah, I still have problems with reading and writing.

Q. The reason I ask is what we are doing today involves this plea agreement. It appears to me you signed that, is that your signature?

A. Yes.

Q. Did you read this over carefully before you signed it or did you have help in reading it?

A. [Counsel] read it to me.

[Counsel]: I read some parts of it to him and we talked about many of these things prior to the agreement ever being drawn up.

Q. So your problems with reading shouldn't be a problem with this thing, right?

A. When I say I did graduate from high school, I was in special ed, okay, so I didn't really learn how to read and write, but I promised my mommy that I would graduate and I did. For you to ask me to read something, it can't be done. For you to ask me to spell something, it can't be done.

Q. Do you think you understand what is in here?

A. I understand what is in there. If I talk to my lawyer and she breaks it down to me and everything else, it is okay.

Q. Okay. That is your signature on there, right?

A. That is my signature.

The trial court then continued its Crim.R. 11 colloquy, after which the court accepted appellant's plea. The court found appellant guilty of one count of gross sexual imposition and ordered the preparation of a presentence investigation report prior to sentencing.

{¶ 5} On March 4, 2016, appellant appeared before the trial court for his sentencing hearing. At the hearing, appellant's counsel indicated that she had reservations about appellant's competency determination. Specifically, counsel stated: "[B]oth I and [appellant's] stepson have a sincere belief that there was still something undiagnosed with [appellant]. As to whether it is physiological or mental health related, we are not entirely sure. I know he has gone through evaluations to qualify for S.S.I., and I do believe that has contributed toward his actions in this matter." Notwithstanding counsel's competency concerns, the trial court proceeded to sentence appellant to 60 months in prison. Appellant's timely appeal followed.

4.

## B. Assignments of Error

**{¶ 6}** On appeal, appellant assigns the following errors for our review:

1. Appellant's guilty plea was involuntary and unknowing when the trial court failed to substantially comply with Crim.R. 11 by failing to inform appellant of virtually any of the punitive consequences of his plea.

2. Appellant received constitutionally ineffective assistance of counsel when his trial counsel did not request a second psychological examination.

## II. Analysis

**{¶ 7}** In his first assignment of error, appellant argues that the trial court failed to comply with the mandates of Crim.R. 11 prior to accepting his guilty plea, thereby rendering said plea involuntary. Specifically, appellant asserts that the trial court failed to notify of him of the implications of pleading guilty to a sexually oriented offense under R.C. Chapter 2950.

**{¶ 8}** Pursuant to Crim.R. 11(C)(2)(a) and (b), before the trial court can accept a guilty plea to the felony charges, the court must address the defendant personally and inform him of and ensure that he understood "the nature of the charges and of the maximum penalty involved" and the "effect of the plea of guilty." Regarding the non-constitutional rights at issue in this case, the trial court was required to substantially comply with the notification requirement. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31-32. To satisfy this standard, it must be apparent that

5.

"under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). If a court did not substantially comply with Crim.R. 11(C)(2), but there was partial compliance, an appellate court will not invalidate the plea unless appellant can also demonstrate prejudice occurred, i.e., that he would not have otherwise entered the plea. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22-23.

{¶ 9} Because the requirements imposed upon a defendant classified as a child victim or sex offender pursuant to R.C. Chapter 2950 (which includes registration, community notifications, and residential restrictions) are now considered punitive sanctions, *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16, the trial court must inform the defendant of all of the punitive consequences of entering a guilty plea and having a child victim or sex offender classification in order to substantially comply with non-constitutional provisions of Crim.R. 11. *State v. Sanders*, 6th Dist. Lucas No. L-15-1068, 2016-Ohio-1397, ¶ 8; *State v. Gonzalez*, 8th Dist. Cuyahoga No. 100848, 2015-Ohio-673, ¶ 11; *State v. Hawkins*, 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572, ¶ 12-13; *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6. The trial court is not required to address each specific restriction or requirement, but it must substantially notify the defendant of the restriction and registration requirements. *State v. Allen*, 8th Dist. Cuyahoga No. 97820, 2013-Ohio-258, ¶ 12; *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 16.

6.

{¶ 10} In this case, the trial court informed appellant at the plea hearing that he would be considered a sex offender if he pleaded guilty to gross sexual imposition, and explained to appellant that, following the guilty plea, he would be "required to register with the sheriff of the county in which you reside in, according to whatever the law is." Further, the written plea agreement stated, in relevant part:

> I understand that if I am convicted of a sexually oriented offense that is not a registration-exempt sexually oriented offense, I will be required to register with the County Sheriff of the county wherein I may reside according to law, Ohio Revised Code 2950 et seq. I understand that I must immediately report to the Adult Probation Department to be photographed and fingerprinted pursuant to Ohio Revised Code Section 2950.03(C)(1).

{¶ 11} Upon review of the foregoing, it is clear that the court did not inform appellant that he would be classified as a Tier II sex offender following his guilty plea. Moreover, the court did not explain the requirements pertaining to Tier II sex offender status, namely the fact that appellant would be required to register every 180 days for a period of 25 years. Further, the court failed to recite the community notification requirements and residential restrictions that would apply to appellant as a Tier II sex offender.

{¶ 12} In a similar case in which the defendant entered an *Alford* plea to two counts of gross sexual imposition, *State v. Ragusa*, 6th Dist. Lucas No. L-15-1244, 2016-Ohio-3373, we held that the trial court did not substantially comply with Crim.R.

7.

11(C)(2) when it failed to inform the defendant of the community notifications and residential restrictions imposed upon Tier II and Tier III child victim offenders. *Id.* at ¶ 9. We reached this result despite the fact that the trial court at least partially complied with the mandates of Crim.R. 11(C)(2) by telling the defendant that she would be classified as a Tier II and Tier III sex offender following her conviction. *Id.* at ¶ 10.

{¶ 13} Here, the trial court likewise failed to inform appellant of his community notifications and residential restrictions. Additionally, the trial court in this case failed to advise appellant that he would be classified a Tier II sex offender, opting instead to state to appellant that he would be required to register "according to whatever the law is." Given the trial court's complete failure to comply with Crim.R. 11(C)(2), appellant need not show that he was prejudiced by the trial court's actions. *Id.* at ¶ 11; *see also State v. McMahon*, 6th Dist. Sandusky No. S-14-036, 2015-Ohio-3300, ¶ 14-15 (plea invalid because the trial court did not inform appellant of the classification level or the implications of that level, including registration and community notification requirements of R.C. Chapter 2950). Thus, we find that the trial court erred in accepting appellant's guilty plea.[1]

---

[1] The state seeks to avoid this conclusion by pointing to sex offender registration information that the trial court provided to appellant at the sentencing hearing. Even assuming such information was sufficient to satisfy the mandates of Crim.R. 11(C)(2), however, the state's argument is unavailing since appellant's guilty plea was already accepted by the trial court by the time of the sentencing hearing. *See* Crim.R. 11(C)(2) (preventing the trial court from accepting a plea of guilty or no contest "without first addressing the defendant personally" and informing the defendant of the consequences of his plea).

8.

**{¶ 14}** Accordingly, appellant's first assignment of error is well-taken and his plea is hereby vacated. Appellant's second assignment of error is moot in light of our resolution of the first assignment of error.

### III. Conclusion

**{¶ 15}** In light of the foregoing, we vacate the judgment of the Ottawa County Court of Common Pleas and remand this matter to said court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment vacated
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                              _____
                                                                    JUDGE

Thomas J. Osowik, J.

                                                          _____

James D. Jensen, P.J.                                             JUDGE
CONCUR.

                                                          _____
                                                     JUDGE

9.