[Cite as *State v. Miller*, 2017-Ohio-2818.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                       Court of Appeals No. F-16-005

    Appellee                                    Trial Court No. 15CR09

v.

Michael A. Miller                                  **DECISION AND JUDGMENT**

    Appellant                                   Decided:  May 12, 2017

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an April 29, 2016 judgment of the Fulton County

Court of Common Pleas, denying appellant's Crim.R. 32.1 motion to withdraw the

underlying March 8, 2016 voluntarily negotiated pleas to one count of sexual battery, in

violation of R.C. 2907.03, a felony of the fifth degree, one count of failure to appear, in

violation of R.C. 2937.29, a felony of the fourth degree, and one amended count of attempted corruption of another with drugs, in violation of R.C. 2925.02, a felony of the fifth degree. In exchange for the pleas, three additional felony counts and two misdemeanor counts pending against appellant were dismissed. For the reasons set forth below, this court reverses the judgment of the trial court and remands the case to the trial court.

{¶ 2} Appellant, Michael Miller, sets forth the following two assignments of error:

I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A GUILTY PLEA WHICH WAS NOT MADE KNOWINGLY, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIS MOTION TO WITHDRAW HIS PLEA.

{¶ 3} The following undisputed facts are relevant to this appeal. In August 2014, appellant engaged in sexual intercourse with a 13 year-old girl at a Fulton County public park. Pursuant to a negotiated plea, appellant pled guilty to one count of menacing by stalking.

2.

{¶ 4} Shortly thereafter, in September 2014, appellant engaged in a variety of unlawful sexual activities with a different victim, a 15 year-old girl, in addition to furnishing the girl with unlawful drugs.

{¶ 5} On January 13, 2015, as a result of appellant's array of unlawful sexual acts with the second victim, appellant was indicted on two counts of corrupting another with drugs, in violation of R.C. 2925.02, felonies of the fourth degree, one count of trafficking in marijuana, in violation of R.C. 2925.03, a felony of the fifth degree, one count of sexual battery in violation of R.C. 2907.03, a felony of the fifth degree, one count of rape, in violation of R.C. 2907.02, a felony of the first degree, two counts of contributing to the delinquency of the child, in violation of R.C. 2919.24, misdemeanors of the first degree, one count of criminal endangering, in violation of R.C. 2909.06, a misdemeanor of the second degree, and one count of failure to appear, in violation of R.C. 2937.29, a felony of the fourth degree.

{¶ 6} On March 8, 2016, pursuant to a negotiated plea agreement, appellant pled guilty to one count of sexual battery, in violation of R.C. 2907.03, a felony of the fifth degree, one count of failure to appear, in violation of R.C. 2937.29, a felony of the fourth degree, and one amended count of attempted corruption of another with drugs, in violation of R.C. 2925.02, a felony of the fifth degree. In exchange, the remaining charges pending against appellant were dismissed.

{¶ 7} On September 19, 2015, shortly after being released on bond in connection to the January 13, 2015 nine-count criminal indictment against him, appellant engaged in another forcible sexual liaison with a third victim, resulting in a third set of sexual

3.

offense charges against appellant. Unlike the first two victims, the third victim had reached the age of majority at the time of the events.

{¶ 8} On April 20, 2016, appellant proceeded to trial on the charges involving this third victim. On April 22, 2016, appellant was acquitted of the charges involving the adult victim.

{¶ 9} On April 29, 2016, one week following appellant's acquittal of the charges in the sole case involving an age of majority victim, appellant was scheduled to be sentenced on the three counts that appellant voluntarily pled guilty to one month earlier, on March 8, 2016, in connection to the second, 15 year-old victim.

{¶ 10} Following the acquittal in the separate case with an adult victim, appellant sought to withdraw his March 8, 2016 pleas involving the 15-year-old victim. In support, appellant stated, "I have faith that the jurors will be able to see the truth."

{¶ 11} Appellant's motion to withdraw was denied. On May 6, 2016, appellant was sentenced to a total term of incarceration of 68 months. This appeal ensued.

{¶ 12} Appellant's assignments of error both stand for the proposition that the trial court erred in failing to grant appellant's motion to withdraw and they will be addressed simultaneously.

{¶ 13} It is well-established that the underlying purpose of Crim.R. 11(C) is to ensure that the necessary information is relayed to a defendant to enable a voluntary and intelligent decision regarding whether or not to plead guilty to pending criminal charges. *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981).

4.

**{¶ 14}** In a recent case we similarly considered the adequacy of Tier III sex offender notification furnished by the trial court. In that case, highly pertinent to our consideration of the instant appeal, we found the trial court's Tier III notification to be inadequate, thereby compromising Crim.R. 11(C) compliance, where the trial court failed to specifically notify the defendant of the community notification and residential restriction components of the Tier III requirements. *State v. Mahler*, 6th Dist. Ottawa No. OT-16-009, 2017-Ohio-1222, ¶ 13.

**{¶ 15}** The record in this case reflects that the trial court conveyed to appellant, "Do you understand * * * Count IV, sexual battery, carries a potential penalty of incarceration for a definite term of anywhere from twelve to sixty months, possible fine of up to $10,000.00, and a SORN registration requirement of a TIER III, which would be a lifetime requirement that you register with the Sheriff of any county in which you reside?"

**{¶ 16}** Accordingly, the record shows that although trial court informed appellant of his Tier III sex offender registration requirements, it failed to further inform appellant of the additional Tier III components of community notification and residential restrictions. As such, consistent with our holding in *Mahler*, we find that the trial court did not satisfy Crim.R. 11(C) and erred in denying appellant's Crim.R. 32.1 motion to withdraw the underlying plea.

**{¶ 17}** Wherefore, we find appellant's assignments of error to be well-taken.

5.

**{¶ 18}** On consideration whereof, the judgment of the Fulton County Court of Common Pleas is hereby reversed and remanded to the trial court for further proceedings consistent with this opinion. Appellee is ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

_____

Christine E. Mayle, J.
CONCUR.

JUDGE

_____
JUDGE