[Cite as *State v. Kouts*, 2017-Ohio-2905.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. S-16-012 |
| Appellee | Trial Court No. 15 CR 902 |
| v. | |
| Andrew J. Kouts | **DECISION AND JUDGMENT** |
| Appellant | Decided: May 19, 2017 |

* * * * *

Loretta Riddle, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Andrew Kouts, appeals the April 4, 2016 judgment of the Sandusky County Court of Common Pleas sentencing him to an aggregate sentence of 198 months in prison. For the reasons that follow, we reverse and remand to the trial court.

## I. Background

{¶ 2} On October 8, 2015, Kouts was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(b) and five counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1).  On February 25, 2016, Kouts pleaded guilty to the lesser offenses of two counts of gross sexual imposition in violation of R.C. 2907.05(B) and five counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5).  On April 4, 2016, the trial court sentenced him to 54 months in prison on each of the gross sexual imposition convictions and 18 months on each of the pandering convictions, which the court ordered to run consecutively, giving him an aggregate sentence of 198 months—or 16 years and six months—in prison.

{¶ 3} Kouts appeals the trial court's judgment, asserting two assignments of error:

ASSIGNMENT OF ERROR NO. I

APPELLANT'S GUILTY PLEA WAS NOT VOLUNTARY AND KNOWINGLY [sic] WHEN THE TRIAL COURT FAILED TO SUBSTANTIALLY COMPLY WITH CRIM.R. 11 BY FAILING TO INFORM APPELLANT OF ALL OF THE PUNITIVE CONSEQUENCES OF HIS PLEA.

ASSIGNMENT OF ERROR NO. II

APPELLANT RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL

COUNSEL DID NOT REQUEST A PSYCHOLOGICAL

EXAMINATION.

## II.  Law and Analysis

### A.  Knowing and Voluntary Plea

{¶ 4} In his first assignment of error, Kouts contends that his plea was not made knowingly and voluntarily because the trial court failed to inform him of all the restrictions and requirements inherent in sex offender registration under R.C. Chapter 2950.  We agree.

{¶ 5} Before accepting a defendant's guilty plea, the trial court must address the defendant personally to inform him that pleading guilty waives his constitutional rights and to determine that he understands the nature of the charges against him, the maximum penalty he is facing, and the effects of his plea.  *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41; Crim.R. 11(C)(2).  The underlying purpose of Crim.R. 11(C) is to ensure that the information a defendant needs to make a voluntary and intelligent decision about pleading guilty is conveyed to him.  *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 6} The trial court must strictly comply with Crim.R. 11(C) when explaining the defendant's constitutional rights, or the plea is invalid under the presumption that it was not knowingly and voluntarily entered.  *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Rinehart*, 6th Dist. Wood No. WD-11-030, 2013-Ohio-3372, ¶ 17.  The court need not use the exact language in the rule, but must explain

3.

the rights in a manner that is reasonably intelligible to the defendant. *Rinehart* at ¶ 17, citing *Ballard* at paragraph two of the syllabus.

{¶ 7} On the other hand, substantial compliance is adequate for nonconstitutional rights, such as those affected by sex offender classification. *Clark* at ¶ 31; *Rinehart* at ¶ 18; and *State v. Ragusa*, 6th Dist. Lucas No. L-15-1244, 2016-Ohio-3373, ¶ 4, 5. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 8} In cases of substantial compliance, the appellate court must determine if the trial court partially complied or failed to comply with Crim.R. 11. *Clark* at ¶ 32. If it partially complied, the appellant's plea may be vacated only if he shows a prejudicial effect—i.e. that he otherwise would not have entered the plea. *Id.*; *Ragusa* at ¶ 5. If the trial court completely failed to comply with the rule, the plea must be vacated and the appellant need not demonstrate prejudice. *Clark* at ¶ 32.

{¶ 9} When a guilty plea results in a defendant being classified as a child victim offender or sex offender under R.C. Chapter 2950, substantial compliance requires the trial court to inform the defendant of the registration requirements in R.C. 2950.03, the community notification requirements in R.C. 2950.11, and the residential restrictions in R.C. 2950.034. *Ragusa* at ¶ 10. If the trial court fails to inform the defendant of all three penalties the plea is invalid. *Id.*

4.

**{¶ 10}** In *Ragusa*, the trial court informed the appellant that she would be "required to register as a sex offender, Tier III sex offender, which is going to require you to register for the rest of your life in person every 90 days" and "to register as a Tier II * * * child victim offender for a period of 25 years in person every 180 days." *Id.* at ¶ 7. We held that "[e]ach of the penalty notifications of R.C. Chapter 2950 must be viewed independently. The court in this case informed appellant of one of the penalties, but not all three. Therefore, we must find that there was a complete failure to comply with the notification duties and the plea is invalid." *Id.* at ¶ 10.

**{¶ 11}** More recently, in *State v. Mahler*, 6th Dist. Ottawa No. OT-16-009, 2017-Ohio-1222, we followed *Ragusa* and found that the trial court completely failed to comply with Crim.R. 11(C) because it did not tell defendant that he would be a "Tier II sex offender," and did not inform the defendant of the community notification and residential restrictions. *Id.* at ¶ 13. We found the plea invalid because

> the court did not inform appellant that he would be classified as a Tier II
> sex offender following his guilty plea. Moreover, the court did not explain
> the requirements pertaining to Tier II sex offender status, namely the fact
> that appellant would be required to register every 180 days for a period of
> 25 years. Further, the court failed to recite the community notification
> requirements and residential restrictions that would apply to appellant as a
> Tier II sex offender. *Id.* at ¶ 11.

5.

{¶ 12} In this case, the trial court and Kouts engaged in the following colloquy at the plea hearing regarding his sex offender classification and registration duties:

> THE COURT: You will be classified and will be required to register, pursuant to Chapter 2950, as a sexual offender. * * * Do you understand that, sir?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You will be a Tier III Offender. Tier III registration is for your lifetime with in person verification every 90 days. Your registration is not subject to community notification pursuant to O.R.C. 2950.11(f)(2). Okay, that's going to be a lifetime requirement. Do you understand?
>
> THE DEFENDANT: Yes, Your Honor.

{¶ 13} Although the trial court informed Kouts of his registration requirements as a Tier III sex offender and the community notification requirements, it did not inform him of the residential restrictions outlined in R.C. 2950.034. Thus, consistent with our holdings in *Ragusa* and *Mahler*, we find that the trial court completely failed to comply with Crim.R. 11(C). We therefore find Kouts's first assignment of error well-taken, vacate Kouts's plea, and remand this case to the trial court for further proceedings.

## B. Ineffective Assistance of Counsel

{¶ 14} Because we find Kouts's plea invalid, his second assignment of error alleging ineffective assistance of counsel is moot.

6.

### III. Conclusion

**{¶ 15}** The April 4, 2016 judgment of the Sandusky County Court of Common Pleas is reversed. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                _____
                                                                  JUDGE

James D. Jensen, P.J.

Christine E. Mayle, J.                                  _____
CONCUR.                                                              JUDGE

                                                                 _____
                                                                  JUDGE

7.