[Cite as *State v. Dangler*, 2017-Ohio-7981.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                    Court of Appeals No. WM-16-010

       Appellee                             Trial Court No. 15CR000129

v.

Brad J. Dangler                                  **DECISION AND JUDGMENT**

       Appellant                            Decided:  September 29, 2017

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney,
and Rachael A. Sostoi, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Brad J. Dangler, appeals from the December 14, 2015 judgment

of the Williams County Court of Common Pleas convicting him of sexual battery, a

violation of R.C. 2907.03(A)(2), a third-degree felony, following acceptance of his no

contest plea, and sentencing him to 36 months incarceration followed by five years of postrelease control. For the reasons which follow, we reverse.

{¶ 2} On appeal, appellant asserts the following assignments of error:

Assignment of Error One: Appellant's guilty (sic)[1] plea was involuntary and unknowing when the trial court failed to substantially comply with Crim.R. 11 by informing appellant of the punitive consequences of his plea.

Assignment of Error Two: The trial court erred when it imposed attorney fees at sentencing, without finding appellant had the ability to pay.

{¶ 3} Appellant was indicted in a single-count indictment on August 18, 2015, alleging a violation of R.C. 2907.02(A)(2), rape. On November 10, 2015, he entered his no contest plea to an amended indictment based on a negotiated plea. At the plea hearing, the court informed appellant he would be obligated to register as a Tier III sex offender for life. At the sentencing hearing, the trial court recited the specific reporting obligations and stated appellant would receive a file-stamped copy of the written obligations which appellant executed acknowledging he understood the explanation of his registration obligations as a Tier III sex offender. This document is not included in the record.

{¶ 4} In his first assignment of error, appellant argues his plea was not voluntarily and knowingly made because the trial court failed to substantially comply with Crim.R.

---

[1] Appellant entered a no contest plea, not a guilty plea.

11 and inform appellant of the punitive consequences of his plea. More specifically, appellant contends the record does not reflect that he was asked to sign any notification or explanation of the duties and consequences of the Tier III sex offender classification. He asserts that the trial court only informed him that he would be obligated to register and not that there were community notification requirements, residence restrictions, and in-person verification requirements every 90 days.

{¶ 5} A plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). The primary function of Crim.R. 11(C) is to provide the necessary record for review by which we can determine whether the plea was knowingly, intelligently, and voluntarily made. *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). The Ohio Supreme Court has repeatedly stated that literal compliance with Crim.R. 11(C), for both constitutional and non-constitutional rights, is the proper means to ensure that a defendant's guilty plea or no contest plea is valid. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 14; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30; *Nero* at 108.

{¶ 6} Crim.R. 11(C)(2) requires that the sentencing judge must personally address the defendant at the plea hearing and inform the defendant of all of the penalty consequences of entering a plea. Crim.R. 11(C)(2)(a); *State v. Montgomery,* 148 Ohio

3.

St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.  The requirements imposed upon a defendant classified as a child victim sex offender or sexually-oriented offender pursuant to R.C. Chapter 2950 (including registration, community notifications, and residential restrictions) are now considered punitive sanctions.  *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 15.  Therefore, the trial court must substantially notify the defendant of the statutorily-mandated registration and verification requirements (R.C. 2950.04, 2950.05, and 2950.06), community notification requirements (R.C. 2950.11), and residential restrictions (R.C. 2950.034).  *State v. Kouts*, 6th Dist. Sandusky No. S-16-012, 2017-Ohio-2905, ¶ 9; *State v. Miller*, 6th Dist. Fulton No. F-16-005, 2017-Ohio-2818, ¶ 16; *State v. Mahler*, 6th Dist. Ottawa No. OT-16-009, 2017-Ohio-1222, ¶ 12-13; *State v. Ragusa*, 6th Dist. Lucas No. L-15-1244, 2016-Ohio-3373.  Prejudice is not required to be shown where the trial court completely failed to comply with Crim.R. 11.  *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 7} In the case before us, the sentencing judge began by stating the requirements could be discussed in detail and that appellant would receive a written copy of the obligations for execution.  The court then advised appellant of the lifetime registration and verification requirements he faced.  However, the court failed to notify appellant of the community notification requirements and the residential restrictions.  Even if the written explanation mentioned at the hearing included this information, the trial court did not satisfy its obligation to personally inform appellant of these penalties.  Having

4.

completely failed to comply with Crim.R. 11(C) and inform appellant of each of the penalties, the plea was invalid. Appellant's first assignment of error is well-taken.

{¶ 8} Because we must vacate the plea and judgment of conviction and sentencing, the issue of attorney fees raised in appellant's second assignment of error is moot, and we decline to address it. App.R. 12(A)(1)(c).

{¶ 9} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment accepting appellant's plea, convicting him, and sentencing him is hereby vacated. This case is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment vacated.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE