[Cite as *State v. Gilbert*, 2018-Ohio-879.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                            Court of Appeals No. S-16-047

　　　　Appellee                                        Trial Court No.:  16 CR 530

v.

Glen A. Gilbert                                          **DECISION AND JUDGMENT**

　　　　Appellant                                       Decided:  March 9, 2018

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} This is an appeal of a September 29, 2016 judgment of the Sandusky County

Court of Common Pleas. Defendant-appellant, Glen Gilbert, pled guilty to one count of

pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(2), a felony in

the second degree.  The trial court sentenced Gilbert to 48 months in prison, and he

appealed.

{¶ 2} Gilbert's original appellate counsel asserted that he could not find any non-frivolous issues for appellate review and moved to withdraw from the case, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Consistent with our duty under *Anders*, we conducted an independent review of the record. We found that a potential error exists as to whether, under Crim.R. 11(C)(2), the trial court sufficiently advised Gilbert of the "maximum penalty" that would follow a guilty plea. Accordingly, we appointed Gilbert new appellate counsel for the purpose of briefing and presenting that issue, and any others, for our review.

## Facts and Procedural History

{¶ 3} The facts of this case are not in dispute. Gilbert was indicted on four criminal counts: pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(2), a second-degree felony; importuning, in violation of R.C. 2907.07(D)(2), a fifth-degree felony; attempted unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and 2923.02, a fourth-degree felony; and disseminating matter harmful to a juvenile in violation of R.C. 2907.31(A)(1), a fifth-degree felony.

{¶ 4} The charges stem from a personal advertisement Gilbert placed on "Craigslist" and the resulting online conversation he had with someone whom he believed was a 13-year-old girl, but was actually a Bellevue police officer posing as a young girl. Gilbert sent four pornographic videos, including child pornography, to "the girl" and arranged to meet her in a park for the purpose of engaging in sexual conduct. The police arrested Gilbert in the park.

2.

{¶ 5} Gilbert was appointed trial counsel. During the plea hearing, Gilbert agreed to plead guilty to the pandering obscenity charge, in exchange for the state's agreement to dismiss the remaining three counts. With regard to penalties he would face if convicted of a sexually oriented offense, the trial court advised Gilbert as follows:

THE COURT: You also understand that you will be required to register as a sexual offender, as a Tier II sex offender, and that you would be required to register for 25 years?

THE DEFENDANT: Yes, sir.

THE COURT: And that means verifying your address every six months, and you would do that through the Sandusky County Sheriff's Office if you're still residing in Sandusky County.

THE DEFENDANT: Yes, sir.

{¶ 6} The trial court accepted Gilbert's plea and found him guilty. At a subsequent hearing, the court sentenced him to serve 48 months in prison, to pay certain costs, to register as a Tier II sex offender and to verify his address for the sex offender notification requirements for 25 years. Through his newly appointed appellate counsel, Gilbert assigns a single assignment of error.

ASSIGNMENT OF ERROR: The trial court committed reversible error when it did not fully explain the reporting requirements of a Tier II sex offender prior to accepting Appellant's plea of guilty, in violation of Crim.R. 11(C).

3.

**Law and Analysis**

{¶ 7} Crim.R. 11(C) governs guilty and no contest pleas in felony cases. Before a trial court may accept a guilty plea, it must address the defendant personally and inform him of, and ensure that he understands, "the nature of the charges and of the maximum penalty involved" and the "effect of the plea of guilty." Crim.R. 11(C)(2)(a) and (b). The underlying purpose of Crim.R. 11(C) is to ensure that the information a defendant needs to make a voluntary and intelligent decision about pleading guilty is conveyed to him. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 8} "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30. If the trial court fails to strictly comply with Crim.R. 11(C) when explaining the defendant's constitutional rights, the guilty or no contest plea is invalid "under a presumption that it was entered involuntarily and unknowingly." (Citations omitted.) *Id.* at ¶ 31. Although the court need not use the exact language in the rule, it must explain the defendant's constitutional rights in a manner that is reasonably intelligent to the defendant. *State v. Rinehart*, 6th Dist. Wood No. WD-11-030, 2013-Ohio-3372, ¶ 17.

{¶ 9} A less stringent standard applies to nonconstitutional rights. If the trial judge imperfectly explained nonconstitutional rights, such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule

4.

applies. *Id.* at ¶ 31. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 10} Where the trial court does not substantially comply with Crim.R. 11 nonconstitutional rights, a reviewing court must determine whether the trial court *partially* complied or *failed* to comply. *Nero* at 108. If the trial judge partially complied, the plea will be vacated only if the defendant demonstrates a prejudicial effect - i.e., that he otherwise would not have entered the plea. *Id.* If the trial judge completely failed to comply with the rule, then the plea must be vacated and the appellant need not demonstrate prejudice. *Clark* at ¶ 32.

{¶ 11} When a plea results in a defendant being classified as a sex offender or a child victim offender under R.C. Chapter 2950, "the trial court must inform the defendant of all of the punitive consequences of entering a guilty plea and having a child victim or sex offender classification in order to substantially comply with non-constitutional provisions of Crim.R. 11." *State v. Ragusa*, 6th Dist. Lucas No. L-15-1244, 2016-Ohio-3373, ¶ 5. Such punitive consequences include the registration requirements in R.C. 2950.03, the community notification requirements in R.C. 2950.11, and the residential restrictions in R.C. 2950.034. *Ragusa* at ¶ 10. If the trial court fails to inform the defendant of all applicable penalties, the plea is invalid. *Id.* (finding that where the court

5.

failed to inform Tier III sex offender of two of the three penalties, the court "must find that there was a complete failure to comply with the notification duties and the plea is invalid.").

{¶ 12} At the plea hearing in this case, the trial court informed Gilbert of the registration obligations that would be required of him as a Tier II sex offender, but did not inform him of any community notification requirements or residential restrictions. Gilbert argues that these omissions render his plea invalid because he was not advised of all the punitive consequences he would face.

{¶ 13} We begin with community notification. R.C. 2950.11 generally requires the county sheriff to provide certain individuals with written notice of the sex offender's name, address, offense and photograph. R.C. 2950.11(B). The sheriff's duty to notify extends to individuals living within 1000 feet of the sex offender's premises and to others, such as school superintendents, principals, building managers, executive directors, and administrators within a certain geographical area. *See* R.C. 2950.11(A)(1)-(10). The community notification requirement applies only to tier III sex offender/child victim offenders and to certain delinquent child tier III sex offender/child victim offenders. R.C. 2950.11(F). It does not extend to Tier II offenders, like Gilbert. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 25 ("Tier II offenders must verify every 180 days for 25 years * * * but community notification is not required."). Accordingly, because Gilbert is not subject to community notification, the trial court was not required to discuss community notification sanctions with him prior to accepting his guilty plea. *State v. Swinson*, 12th Dist. Clermont No. CA2016-05-024, 2017-Ohio-150, 6.

¶ 20. ("As appellant is a Tier II sex offender, and therefore not subject to community notification, the trial court did not need to discuss community notification sanctions with appellant before accepting appellant's guilty plea.").

{¶ 14} Turning to residential restrictions, R.C. 2950.034(A) prohibits a person who pleads guilty to, or has been convicted of, a sexually oriented offense or a child-victim oriented offense from establishing a residence or occupying a residential premises "within one thousand feet of any school premises or preschool or child day-care center premises." These residential restrictions apply to Gilbert because he pled guilty to, and was convicted of, pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(2), which is a "sexually oriented offense" under R.C. 2950.01. The trial court, however, completely failed to inform Gilbert of the residential restrictions of R.C. 2950.034(A).

{¶ 15} The state urges this court to find that "based on the totality of the circumstances, [Gilbert] subjectively understood that his plea of guilty * * * would subject him to certain restrictions as a Tier II sex offender such as the inability to live within 1,000 feet of a school, or the inability to hold a state license as an auctioneer and/or cosmetologist or barber." In support, the state cites *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 17, in which the court found that although a Tier III sex offender "was not specifically informed" of the residency restrictions, the totality of the circumstances demonstrated that he subjectively understood that, by pleading guilty, he would be subjected to "certain restrictions." The court found that the defendant was afforded a full hearing under Crim.R. 11. *Id.* The state also argues that it

7.

was Gilbert's burden to demonstrate a prejudicial effect, and that he failed to show that his plea would have changed had he known about the residency restrictions.

{¶ 16} This court has consistently held, however, that "each of the penalty notifications of R.C. Chapter 2950 [i.e., the registration and verification requirements, community notification requirements, and residential restrictions] must be viewed independently." *Ragusa*, 6th Dist. Lucas No. L-15-1244, 2016-Ohio-3373, at ¶ 10. We have invalidated a number of pleas where the trial court failed to notify the defendant of the residential restrictions and community notification requirements. *State v. Dangler,* 6th Dist. Williams No. WM-16-010, 2017-Ohio-7981; *Ragusa* at ¶ 9; *State v. Mahler,* 6th Dist. Ottawa No. OT-16-009, 2017-Ohio-1222. And, we have also found that such a complete failure to comply with Crim.R. 11 does not require the defendant to demonstrate prejudice. *Dangler* at ¶ 6-7; *Ragusa* at ¶ 11; *Mahler* at *¶* 13; *State v. McMahon,* 6th Dist. Sandusky No. S-14-036, 2015-Ohio-3300, ¶ 19; *State v. Sanders,* 6th Dist. Lucas No. L-15-1068, 2016-Ohio-1397, ¶ 8. We therefore hold that the trial court's complete failure to mention the residential restrictions outlined in R.C. 2950.034 renders Gilbert's plea involuntary and thus invalid under Crim.R. 11(C)(2).

{¶ 17} Gilbert's assignment of error is well-taken. The trial court's judgment accepting his plea, convicting him, and sentencing him is hereby vacated, and the case is remanded to the trial court for further proceedings consistent with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

8.

**Certification of Conflict**

{¶ 18} Article IV, Section 3(B)(4) of the Ohio Constitution states that "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."

{¶ 19} In order to qualify for certification to the Supreme Court of Ohio pursuant to Section 3(B)(4), Article IV of the Ohio Constitution, a case must meet the following three conditions:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth the rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. *Whitelock v. Gilbane Bldg. Co*., 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

{¶ 20} As we recently determined in *State v. Dangler,* 6th Dist. Williams No. WM-16-010, 2017-Ohio-7981, we find that the judgment in this case conflicts with *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 17, discussed above, in

which the court found that "[t]he fact that appellant was not specifically informed that he would be prohibited from living within 1,000 feet of a school does not invalidate his plea."

{¶ 21} We therefore certify the record in this case for review and final determination to the Supreme Court of Ohio on the following issue:

{¶ 22} During a plea proceeding, does a trial court's failure to inform a defendant about the residential restrictions imposed on sex offenders under R.C. Chapter 2950 render the plea invalid?[1]

{¶ 23} The parties are directed to S.Ct.Prac.R. 5.03 and S.Ct.Prac.R. 8.01 for guidance.

{¶ 24} It is so ordered.

Judgment vacated
and remanded.

---

[1] This precise issue was previously accepted for review by the Supreme Court of Ohio in *State v. Kouts*, 150 Ohio St.3d 1428, 2017-Ohio-7567, 81 N.E.3d 1270, in which the court determined that a conflict exists between *Creed* and *State v. Kouts*, 6th Dist. Sandusky S-16-012, 2017-Ohio-2905 (finding plea invalid where trial court failed to advise the defendant of the residential restrictions outlined in R.C. 2950.034). Thereafter, the parties filed a "Joint Motion to Vacate the Decision of the Court of Appeals and to Remand to that Court so that it may Consider a Joint Motion to Dismiss" on the grounds that defendant's appointed counsel acted without consulting him or obtaining his consent when the attorney successfully sought to vacate a beneficial plea agreement, and, contrary to his attorney's actions, the defendant did not want his plea invalidated. The court granted the joint motion, and this court thereafter vacated its decision for that same reason.

10.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.

James D. Jensen, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE


_____
JUDGE


_____
JUDGE