[Cite as *State v. Anderson*, 2019-Ohio-1915.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-18-1110

      Appellee                             Trial Court No. CR0201801190

v.

Gregory D. Anderson                      **DECISION AND JUDGMENT**

      Appellant                             Decided:  May 17, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

Appellant, Gregory Anderson, appeals from the April 25, 2018 judgment of the

Lucas County Court of Common Pleas convicting him of attempted rape, a violation of

R.C. 2923.02 and 2907.02(A)(1)(c) and (B), following acceptance of appellant's guilty

plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27

L.Ed.2d 162 (1970). Appellant appeals and asserts the following single assignment of error:

> TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A GUILTY PLEA, WHICH WAS NOT MADE KNOWINGLY, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS.

A guilty or no contest plea must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions. *Boykin v. Alabama*, 395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Ohio Crim.R. 11(C) sets forth a procedure which will enable the trial court to accept only constitutionally-valid guilty pleas and provide a record for review. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9. Before accepting a plea of guilty or no contest to a felony offense, Crim.R. 11(C)(2) requires that a trial court conduct a hearing with a personal colloquy with the defendant, make specific determinations and give specific warnings required by Crim.R. 11(C)(2)(a) and (b), and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 13. Failure to comply with Crim.R. 11 renders the plea void because the trial court could not have concluded whether it was knowingly and voluntarily made, *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31-32. In that case, the defendant does

2.

not need to demonstrate prejudice and the plea must be vacated. *State v. Sanders*, 6th Dist. Lucas No. L-15-1068, 2016-Ohio-1397, ¶ 6-8.

Appellant argues that the trial court did not substantially comply with Crim.R. 11 because the court did not notify appellant of all of the punitive consequences of entering a guilty plea and having a sex offender classification. More specifically, appellant argues the trial court did not inform him of the two major penalty requirements related to his Tier III classification: the ban against living within 1,000 feet of a school, preschool, or child daycare, R.C. 2950.034(A), and the registration reporting requirements of R.C. 2950.041(2)(c) and (d) (regarding employment within a county or state).

The requirements imposed upon a defendant classified as a child-victim or sex-offender pursuant to R.C. Chapter 2950 (registration, community notifications, and residential restrictions) are now considered punitive sanctions. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 15-16. Because the trial court is required by Crim.R. 11 to inform the defendant of the punitive consequences of entering a guilty plea, we have consistently held that the sentencing court must also inform the defendant generally of the three above-mentioned penalty requirements imposed on offenders who have a child-victim or sex-offender classification. *State v. Dornoff*, 2018-Ohio-3084, 105 N.E.3d 1278, ¶ 15 (6th Dist.); *State v. Dangler*, 6th Dist. Williams No. WM-16-010, 2017-Ohio-7981, ¶ 6; *State v. Cook*, 6th Dist. Lucas No. L-15-1066, 2016 Ohio App. LEXIS 2929 (Apr. 8, 2016). *Compare State v. Hagan*, 12th Dist. Butler No.

3.

CA2018-07-136, 2019-Ohio-1047, ¶ 29-30. However, the court is not required to review the restrictions or requirements in detail. *State v. Ragusa*, 6th Dist. Lucas No. L-15-1244, 2016-Ohio- 3373, ¶ 5.

At the plea hearing in the case before us, the trial court verified that appellant's counsel informed him of the Tier III registration requirements and appellant executed the notification form. Furthermore, the court directly informed appellant that as a Tier III sex offender he would have to register his residence, his place of employment, his automobile information, e-mail addresses, internet identifiers, and telephone numbers. The court also explained the details of registration if there were any changes in residency and that the verification requirement would continue every 90 days for the rest of his life.

Appellant argues the court did not inform him that he would have to register in a county where he was employed permanently or temporarily, R.C. 2950.041(2)(c) and (d). We disagree. The court indicated appellant would have to register certain information without discussing specifics. We find this was sufficient to give appellant notice of the registration requirements. However, we agree with appellant that the court completely failed to notify appellant of the residential restrictions, including that he was prohibited from residing within 1,000 feet of a school, preschool, or child daycare, and that appellant would be subject to the community notification requirements of R.C. 2950.11. Therefore, we find the plea was constitutionally invalid. Appellant's sole assignment of error is found well-taken.

4.

Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Lucas County Court of Common Pleas is hereby vacated. This case is remanded to the trial court for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

## Certification of Conflict

Pursuant to Ohio Constitution, Article IV, Section 3(B)(4) and App.R. 25, we certify the record in this case to the Ohio Supreme Court for final review and determination because our holding, which follows the precedent of our court, is in direct conflict with the judgment pronounced by *State v. Hagan*, 12th Dist. Butler No. CA2018-07-136, 2019-Ohio-1047, ¶ 29-30, and is currently before the Ohio Supreme Court in the appeal of *State v. Dangler*, 6th Dist. Williams No. WM-16-010, 2017-Ohio-7981. *State v. Dangler*, 2018-Ohio-723, 92 N.E.3d 876.

The parties are directed to S.Ct.Prac.R. 5.03 and 8.01 for guidance on how to proceed.

Judgment vacated
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                  _____
                                                               JUDGE

Arlene Singer, J. 

                                               _____
Gene A. Zmuda, J.                                 JUDGE
CONCUR.

                                               _____
                                                               JUDGE

6.