[Cite as *State v. Jackson*, 2012-Ohio-3348.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110645 |
| | | TRIAL NO. B-1102969 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| EZECKIEL JACKSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Common Pleas Court

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: July 27, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michaela M. Stagnaro*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1} Defendant-appellant Ezeckiel Jackson was indicted on May 17, 2011. He was charge with one count of gross sexual imposition and two counts of burglary. As the jury was being selected, Jackson informed the court that he wished to enter a guilty plea. The potential jurors were dismissed, and the trial court accepted Jackson's plea of guilty to each count of the indictment. During the plea colloquy, the trial court failed to inform Jackson that his plea to gross sexual imposition would result in his classification as a Tier I sex offender. The trial court also failed to inform him of the reporting requirements attached to that classification.

{¶2} At the beginning of the sentencing hearing, Jackson asked the court to allow him to withdraw his plea. The trial court conducted a brief hearing on the issue and determined that Jackson was engaged in gamesmanship and that he had no legitimate reason to withdraw his plea. Jackson was then sentenced and informed of his classification.

{¶3} On appeal, Jackson raises two assignments of error. Since the first assignment is dispositive, we address only that assignment.

### Failure to Inform Defendant of Registration
### Requirements Mandates Reversal

{¶4} In his first assignment of error, Jackson claims that the trial court erred when it denied his motion to withdraw his guilty pleas. We agree in part.

{¶5} In order for a trial court to ensure that a defendant's plea is knowing, voluntary, and intelligent, it must engage the defendant in a colloquy pursuant to Crim.R. 11(C). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25-26. When accepting a plea of guilty, a trial court must determine that the defendant

2

understands the nature of the charges and of the maximum penalty involved. Crim.R. 11(C)(2)(a).

{¶6}     The registration, community-notification, and verification requirements of the Adam Walsh Act for persons classified as sex offenders are punitive in nature. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16-21. As such, they are part of the penalty imposed for the offense. Consequently, a defendant must be informed of them before his plea of guilty may be accepted. Since Jackson was not informed of the requirements that would result if he was classified as a Tier I offender, he did not enter a knowing plea to the charge of gross sexual imposition.

{¶7}     We note, however, that this defect in no way impacts his pleas to the two counts of burglary. In *State v. Maggard*, 1st Dist. No. C-100788, 2011-Ohio-4233, this court concluded that, when a defendant is misinformed as to some counts in a multi-count indictment, this does not implicate other, unrelated counts. *Id.* ¶ 18-22. So, while we must reverse Jackson's conviction as it relates to the charge of gross sexual imposition, we leave his convictions for burglary undisturbed.

## Second Assignment of Error Moot

{¶8}     In his second assignment of error, Jackson claims that the trial court improperly informed him of the requirements attached to a Tier I sex-offender classification. In light of our disposition of his first assignment of error, this issue is now moot, and we decline to address it.

## Conclusion

{¶9}     Since Jackson was not informed that he would be classified as a Tier I sex offender when he entered his guilty plea to gross sexual imposition, his plea to that count was not an informed one. But his plea to two counts of burglary, and the

3

subsequent convictions, remain. We therefore reverse the judgment of the trial court convicting Jackson of gross sexual imposition, vacate that conviction, and remand the matter to the trial court to proceed on that count alone. The convictions for the two counts of burglary are affirmed.

Affirmed in part, reversed in part, and cause remanded.

**HILDEBRANDT, P.J.** and **CUNNINGHAM, J.,** concur**.**

Please note:

The court has recorded its own entry this date.

4