[Cite as *State v. McMahon*, 2015-Ohio-3300.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY


State of Ohio                                            Court of Appeals No. S-14-036

      Appellee                                         Trial Court No. 13 CR 941

v.

Bradley G. McMahon                              **DECISION AND JUDGMENT**

      Appellant                                        Decided:  August 14, 2015

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} Appellant, Bradley G. McMahon, appeals the judgment of the Sandusky

County Court of Common Pleas, sentencing him to 120 months in prison following his

guilty plea to three counts of sexual battery.  For the reasons set forth below, we reverse.

## II. Facts and Procedural Background

{¶ 2} On December 17, 2013, a grand jury sitting in Sandusky County, Ohio, indicted appellant on 11 counts of sexual battery, in violation of R.C. 2907.03(A)(5), all felonies in the third degree. The indictment describes a series of acts perpetrated by appellant against his stepdaughter between May and October of 2013.

{¶ 3} Appellant initially pled not guilty to the charges. Following negotiations with the state, however, appellant agreed to plead guilty to three counts of sexual battery in exchange for the state's dismissal of the remaining eight counts.

{¶ 4} On May 19, 2014, the trial court accepted appellant's guilty plea, found him guilty, and ordered the preparation of a presentence investigation report, in advance of sentencing.

{¶ 5} On June 30, 2014, the trial court sentenced appellant to a prison term of 60 months as to Count 8 and 60 months as to Count 9, to run consecutive to Count 8. The court sentenced appellant to an additional term of 60 months as to Count 11, to run concurrent to Counts 8 and 9, for an aggregate sentence of 120 months in prison.

{¶ 6} With new counsel, appellant filed an appeal on July 8, 2014 (case No. S-14-029). This court dismissed the appeal for lack of a final appealable order. On August 14, 2014, the trial court entered a final order indicating that the remaining eight counts of the indictment were dismissed. On August 19, 2014, appellant filed a new notice of appeal.

2.

**{¶ 7}** Appellant presents two assignments of error for our review.

### III. Assignments of Error

Assignment of Error I: Appellant's guilty plea was involuntary and unknowing when the trial court failed to substantially comply with Crim.R. 11 by informing appellant of the punitive consequences of his plea.

Assignment of Error II: The trial court erred in sentencing appellant.

### IV. Law and Analysis

**{¶ 8}** In his first assignment of error, appellant argues that the trial court failed to inform him of the "punitive consequences resulting from his Tier III sex offender status" prior to accepting his plea. Appellant concludes that his plea was not knowingly or voluntarily given and therefore must be vacated. We agree.

**{¶ 9}** In felony cases, a trial court may not accept a guilty plea "without first addressing the defendant personally and doing all of the following":

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.

(b) Informing the defendant and determining that the defendant understands the effect of the plea of guilty * * *.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for

3.

obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(a) through (c); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 27.

{¶ 10} The underlying purpose of Crim.R. 11(C) is to insure that certain information is conveyed to the defendant that would allow him to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard,* 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 11} If a trial court fails to literally comply with Crim.R. 11, then the reviewing court must determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights. *Clark* at ¶ 31. When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no contest plea is invalid "under a presumption that it was entered involuntarily and unknowingly." *Id.* If, on the other hand, the trial judge "imperfectly explained non-constitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *Id.* "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

4.

{¶ 12} If the trial court fails to substantially comply with Crim.R. 11 with regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. The test for prejudice is "whether the plea would have otherwise been made." *Nero* at 108. If the trial judge completely failed to comply with the rule, then the plea must be vacated. *Clark* at ¶ 32. "A complete failure to comply with the rule does not implicate an analysis of prejudice." *Clark* at ¶ 32, quoting *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 13} Here, appellant does not challenge the trial court's compliance with Crim.R. 11(C)(2)(c) as to his constitutional rights. Instead, he argues that the trial court failed to substantially comply with regard to his nonconstitutional rights, specifically as to the punitive nature of his plea, as provided in Crim.R. 11(C)(2)(a).

{¶ 14} Sexual battery is a Tier III offense. R.C. 2950.01(G)(1)(a). The consequences of a Tier III classification include lifetime reporting, address verification, and community notification. The requirements set forth in R.C. Chapter 2950 are punitive in nature, and therefore, they must be explained to a defendant as part of Rule 11 colloquy. *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16.

5.

{¶ 15} In this case, the trial court said to appellant at the plea hearing, "You will be classified and will be required to register pursuant to Chapter 2950 of the Revised Code as a sexual offender." The trial court failed to mention, however, that appellant would be classified as a Tier III sex offender. Nor did the court explain the implications of that classification, namely that appellant faced in-person address verification every 90 days for life and community notification.

{¶ 16} In a similar case, the trial court told the defendant that, "there will be a registration requirement and I will announce that at the sentencing and you will have to follow those requirements." *State v. Hawkins,* 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572, ¶ 13. The trial court mistakenly told the defendant that sexual battery was a Tier II, rather than a Tier III, offense. It also failed to mention the in-person address verification every 90 days for life and/or the community notification element. *Id.*

{¶ 17} The Second Appellate District held that the trial court's "omissions about these topics reflect non-compliance with Crim.R. 11 rather than partial compliance" as to the punitive address verification and community notification provisions of R.C. Chapter 2950. It concluded that the defendant's guilty plea must be vacated without regard to a showing of prejudice. *Id.* at ¶ 17, citing *Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32.

{¶ 18} In *State v. Hines*, 6th Dist. Erie No. E-13-054, 2014-Ohio-1996, ¶ 12, we relied upon *Hawkins* in vacating a plea agreement under similar circumstances. In *Hines,* we found that the defendant's guilty plea did not constitute a "knowing plea" under

6.

Crim.R. 11(C) where the trial court failed to inform the defendant of the community notification requirements stemming from his classification as a Tier III sex offender. *Id.* at ¶ 12. *See also State v. Jackson,* 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6 (The registration, verification, and community notification requirements must be explained by the trial court prior to accepting a defendant's guilty plea).

{¶ 19} In this case, we find that because the trial court failed to notify appellant of his Tier III classification, and the implications of that classification, the trial court failed to comply with Crim.R. 11(C)(2)(a). Moreover, appellant need not show that he was prejudiced by the trial court's omissions. As a matter of law, his plea was not knowingly and voluntarily given. Appellant's first assignment of error is well-taken.

{¶ 20} In his second assignment of error, appellant argues that the trial court erred in sentencing appellant. In light of our disposition above, appellant's second assignment of error is rendered moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

{¶ 21} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is reversed, and appellant's guilty plea is vacated. This matter is remanded to the trial court for further proceedings consistent with this decision. Costs are assessed to the state pursuant to App.R. 24.

Judgment reversed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Stephen A. Yarbrough, P.J. _____

_____

James D. Jensen, J. _____
CONCUR.

JUDGE

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

8.