[Cite as *State v. Ragusa*, 2016-Ohio-3373.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                              Court of Appeals No. L-15-1244

        Appellee                                Trial Court No. CR0201402644

v.

Ashley Ragusa                                        **DECISION AND JUDGMENT**

        Appellant                               Decided:  June 10, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Ashley Ragusa, was indicted in a multi-count indictment

charging two counts of rape, violations of R.C. 2907.02(A)(1)(b) and (B), first degree

felonies, which carried a potential sentence of life imprisonment without possibility of

parole, and eight counts of gross sexual imposition, violations of R.C. 2907.05(A)(4) and

(C), third degree felonies. She was also charged in an information with one additional count of gross sexual imposition, a violation of R.C. 2907.05(B) and (C)(2), a third degree felony.

{¶ 2} She entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to two counts of gross sexual imposition charged in the indictment and to the gross sexual imposition charge in the information and a nolle prosequi was entered for the remaining charges. Appellant was sentenced to three years of imprisonment on each count, to be served consecutively, for a total of nine years of imprisonment. Appellant appealed the judgment of conviction and sentencing asserting the following assignments of error:

> Assignment of Error One: Appellant's guilty plea was involuntary and unknowing when the trial court failed to substantially comply with Crim.R. 11 by informing appellant of the punitive consequences of his [sic] plea.

> Assignment of Error Two: The trial court erred when it considered information from the victim impact statement that was irrelevant to the offenses in order to fashion the sentence.

> Assignment of Error Three: The trial court's judgment of conviction does not reflect the Alford pleas to all counts and must be corrected.

{¶ 3} In her first assignment of error, appellant argues that the trial court failed to substantially comply with Crim.R. 11 and inform appellant of the punitive consequences

2.

of her plea and the consequences arising from the Tier II and III child victim offender classifications.

{¶ 4} Pursuant to Crim.R. 11(C)(2)(a) and (b), before the trial court can accept a guilty plea to the felony charges, the court must address the defendant personally and inform her of and ensure that she understood "the nature of the charges and of the maximum penalty involved" and the "effect of the plea of guilty." Regarding the non-constitutional rights at issue in this case, the trial court was required to substantially comply with the notification requirement. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31-32. To satisfy this standard, it must be apparent "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). If a court did not substantially comply with Crim.R. 11(C)(2), but there was partial compliance, an appellate court will not invalidate the plea unless appellant can also demonstrate prejudice occurred, i.e., that she would not have otherwise entered the plea. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22-23.

{¶ 5} Because the requirements imposed upon a defendant classified as a child victim or sex offender pursuant to R.C. Chapter 2950 [which includes registration, community notifications, and residential restrictions] are now considered punitive sanctions, *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16, the trial court must inform the defendant of all of the punitive consequences of

3.

entering a guilty plea and having a child victim or sex offender classification in order to substantially comply with non-constitutional provisions of Crim.R. 11. *State v. Sanders*, 6th Dist. Lucas No. L-15-1068, 2016-Ohio-1397, ¶ 8; *State v. Gonzalez*, 8th Dist. Cuyahoga No. 100848, 2015-Ohio-673, ¶ 11; *State v. Hawkins*, 2d Dist. Greene No. 2012-CA-49, 2013-Ohio-2572, ¶ 12-13; *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6. The trial court is not required to address each specific restriction or requirement, but it must substantially notify the defendant of the restriction and registration requirements. *State v. Allen*, 8th Dist. Cuyahoga No. 97820, 2013-Ohio-258, ¶ 12; *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 16. *Cf. Hawkins.*

{¶ 6} While the court informed appellant of the registration requirements in this case, appellant asserts that she should also have been informed of the community notification requirements (R.C. 2950.11) and the residential restrictions (R.C. 2950.034).

{¶ 7} The written guilty plea agreement did not indicate that appellant would be classified as a Tier II and III sex offender. At the plea hearing, the state indicated that appellant was entering a guilty plea to one count of gross sexual imposition which carried a lifetime registration subject to community notification as to the information charge and two additional counts. The trial court informed appellant that she would be "required to register as a sex offender, Tier III sex offender, which is going to require you to register for the rest of your life in person every 90 days" and "to register as a Tier II * * * child

4.

victim offender for a period of 25 years in person every 180 days." Appellant acknowledged that she understood.

{¶ 8} At the beginning of the sentencing hearing, the court ensured that appellant understood she would be classified as a Tier II and Tier III child victim offender. The court further notified appellant, and she acknowledged she understood, she would be required as a Tier II offender to "register for a period of 25 years in person every six months" and as a Tier III offender to "register for the rest of your life in person every 90 days." The court provided appellant and her counsel with a written explanation of the duties to register as a child victim offender for each tier and gave them an opportunity to review the notifications. The written explanation addressed only the registration requirements of a child victim offender. Afterward, the court again inquired of appellant whether she understood the registration requirements.

{¶ 9} We conclude the trial court did not substantially comply with Crim.R. 11(C)(2) and inform appellant of the full punitive consequences of her *Alford* guilty plea when the court failed to inform her of the community notifications and residential restrictions imposed upon Tier II and Tier III child victim offenders. Appellant asserts that the failure to notify appellant of these two specific penalties should be viewed as a complete failure to comply and, therefore, that the plea must be vacated without the necessity of showing prejudice. We agree.

{¶ 10} Each of the penalty notifications of R.C. Chapter 2950 must be viewed independently. The court in this case informed appellant of one of the penalties, but not

5.

all three.  Therefore, we must find that there was a complete failure to comply with the notification duties and the plea is invalid.   *State v. Sanders*, 6th Dist. Lucas No. L-15-1068, 2016-Ohio-1397, ¶ 8 (plea invalided because the trial court informed appellant of his Tier III classification but not the registration requirements); *State v. McMahon,* 6th Dist. Sandusky No. S-14-036, 2015-Ohio-3300, ¶ 14-15 (plea invalided because the trial court did not inform appellant of the classification level or the implications of that level, including registration and community notification requirements of R.C. Chapter 2950); *State v. Hines*, 6th Dist. Erie No. E-13-054, 2014-Ohio-1996, ¶ 12 (trial court informed appellant he would be classified as a Tier III sex offender but not that there was a community notification requirement); *State v. Jackson*, 1st Dist. Hamilton No. C-110645, 2012-Ohio-3348, ¶ 6 (a defendant must be informed of the sex offender classification registration, community notification, and verification requirements of the Adam Walsh Act before his plea of guilty may be accepted).  *Cf. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, at ¶ 17 (substantial compliance found where court informed the defendant of his classification and generally that he would be subject to various reporting and notification requirements).

{¶ 11} Because we find there was a complete failure to comply with Crim.R. 11, appellant need not show she was prejudiced by the trial court's error in failing to notify her of the additional punitive requirements of community notification and residential restrictions.  Therefore, we find the court erred in accepting appellant's invalid plea.

6.

Appellant's first assignment of error is well-taken and her plea is vacated.  As a result, appellant's second and third assignments of error are rendered moot.

{¶ 12} Having found that the trial court did commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is vacated.  This matter is remanded to the trial court for further proceedings consistent with this decision.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                            JUDGE

Arlene Singer, J.

                      _____

James D. Jensen, P.J.           JUDGE
CONCUR.

                      _____
                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.