[Cite as *State v. Gilbert*, **2017-Ohio-4468.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                  Court of Appeals No. S-16-047

    Appellee                              Trial Court No. 16 CR 530

v.

Glen A. Gilbert                              **DECISION AND JUDGMENT**

    Appellant                             Decided:  June 23, 2017

* * * * *

Brett A. Klimkowsky, for appellant.

* * * * *

**MAYLE, J.**

## Introduction

{¶ 1} This is an appeal of a September 29, 2016 judgment of the Sandusky County Court of Common Pleas.  Defendant-appellant, Glen Gilbert, pled guilty to one count of pandering obscenity involving a minor, in violation of R.C. 2907.32(1)(A)(2), a felony in the second degree.  The trial court sentenced Gilbert to 48 months in prison, and he appealed.

**{¶ 2}** Gilbert's appointed counsel has submitted a request to withdraw from the case, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserts that he has reviewed the entire record on appeal, and he is unable to find any nonfrivolous issues for our review. He requests that he be allowed to withdraw from the case. Counsel advised Gilbert of his right to file his own brief.

**{¶ 3}** Neither Gilbert nor the state, the appellee herein, filed an appellate brief.

### Counsel's Request to Withdraw

**{¶ 4}** The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978). In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish his client with a copy of the brief, request to withdraw, and allow the client sufficient time to raise any matters that the client chooses. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or it may proceed to a decision on the merits if state law so requires. *Id.*

2.

{¶ 5} In his brief, appointed counsel fails to identify "anything in the record that could arguably support the appeal," as required by *Anders*. Counsel maintains that he "can find no error by the trial court prejudicial to the rights of [Gilbert] which may be argued in a nonfrivolous manner on appeal."

{¶ 6} This court, as required under *Anders,* has undertaken our own examination of the record to determine whether any issue of arguable merit is presented for appeal. Because we find that a potential error has arguable merit, we appoint new appellate counsel for the purpose of briefing and presenting that issue, and any others, for our review.

**Facts and Procedural History**

{¶ 7} Appellant was indicted on four criminal counts: pandering obscenity involving a minor, in violation of R.C. 2907.32(1)(A)(2), a second-degree felony; importuning, in violation of R.C. 2907.07(D)(2), a fifth-degree felony; attempted unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and 2923.02, a fourth-degree felony; and disseminating matter harmful to a juvenile in violation of R.C. 2907.31(A)(1), a fifth-degree felony.

{¶ 8} The charges stem from a personal advertisement Gilbert placed on "Craigslist" and the resulting online conversation he had with someone whom he believed was a 13-year-old girl, but was actually a Bellevue police officer posing as a young girl. Gilbert sent four pornographic videos, including child pornography, to "the

3.

girl" and arranged to meet her in a park for the purpose of engaging in sexual conduct. The police arrested appellant in the park.

{¶ 9} Gilbert was appointed trial counsel. During a plea hearing, Gilbert pled guilty to the pandering obscenity charge, in exchange for the state's agreement to dismiss the remaining three counts. The trial court accepted the plea, found Gilbert guilty, and referred the matter for a presentence investigation.

{¶ 10} Sentencing was held on September 29, 2016. At the conclusion of the hearing, the trial court sentenced appellant to serve 48 months in prison, to pay the costs of the prosecution and for his state-appointed counsel, to register as a Tier II sex offender, and as such, to verify his address for the sex offender notification requirements for 25 years.

### Law and Analysis

{¶ 11} Recently, this court has invalidated a number of pleas in sexually oriented cases where the trial court failed to comply with the mandates of Crim.R. 11(C) and remanded them for proceedings consistent with the decision.

{¶ 12} Crim.R. 11(C) governs guilty and no contest pleas in felony cases. Before a trial court may accept a guilty plea, it must address the defendant personally and inform him of, and ensure that he understands, "the nature of the charges and of the maximum penalty involved" and the "effect of the plea of guilty." Crim.R. 11(C)(2)(a) and (b). The underlying purpose of Crim.R. 11(C) is to ensure that the information a defendant

4.

needs to make a voluntary and intelligent decision about pleading guilty is conveyed to him. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 13} If a trial court fails to comply with Crim.R. 11, then the reviewing court must determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30. When a trial judge fails to explain constitutional rights, set forth in Crim.R. 11(C)(2)(c), the guilty or no contest plea is invalid "under a presumption that it was entered involuntarily and unknowingly." (Citations omitted.) *Id.* at ¶ 31.

{¶ 14} A less stringent standard applies to nonconstitutional rights. If the trial judge imperfectly explained nonconstitutional rights, such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies. *Id.* at ¶ 31. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 15} Where the trial court does not substantially comply with Crim.R. 11 nonconstitutional rights, however, a reviewing court must determine whether it *partially* complied or *failed* to comply with the rule. *Nero* at 108. If the trial judge partially complied, the plea will be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is "whether the plea would have otherwise been made." *Id.* If the

5.

trial judge completely failed to comply with the rule, then the plea must be vacated. *Clark* at ¶ 32. "A complete failure to comply with the rule does not implicate an analysis of prejudice." *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 16} Where the case involves a defendant who is classified as a sexually oriented offender or a child victim sex offender under R.C. Chapter 2950, a trial court must inform the defendant of certain statutory requirements. The requirements, which include registration, community notifications, and residential restrictions, are considered punitive sanctions under *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 16. Therefore, "the trial court must inform the defendant of all of the punitive consequences of entering a guilty plea and having a child victim or sex offender classification in order to substantially comply with non-constitutional provisions of Crim.R. 11." *State v. Ragusa*, 6th Dist. Lucas No. L-15-1244, 2016-Ohio-3373, ¶ 5. The trial court is not required to address each specific restriction or requirement, but it must substantially notify the defendant of the restriction and registration requirements. *Id.*

{¶ 17} With the above framework in mind, we turn to the record in this case. The trial court informed Gilbert at the plea hearing that, if he pled guilty to the pandering obscenity charge, then he would be "required to register as a sexual offender, as a Tier II sex offender, and that [he] would be required to register for 25 years [which] means

6.

verifying [his] address every six months * * * through the Sandusky County Sheriff's Office."

{¶ 18} The written plea agreement, which Gilbert acknowledged in writing, stated, in relevant part:

> I will be required to register pursuant to Chapter 2950 as a sexual offender. Ohio law requires that the sheriff charge a one-time fee of $100.00 at the time of your initial registration as a sex offender. I will be classified as a Tier II Sex offender and will be required to register for a period of twenty-five years. I will be required to verify my address, current school or institution higher education [sic] or place of employment address every one hundred eighty days.

{¶ 19} No other notifications were provided to Gilbert. In particular, the court did not inform Gilbert of the requirement pertaining to community notifications, set forth in R.C. 2950.11, and the residency restrictions, set forth in R.C. 2950.034.

{¶ 20} A similar situation was presented in *Ragusa*, 6th Dist. Lucas No. L-15-1244, 2016-Ohio-3373, ¶ 5. There, we invalidated a plea because the trial court failed to inform the defendant, "of the full punitive consequences of her *Alford* guilty plea [including] the community notifications and residential restrictions imposed upon Tier II and Tier III child victim offenders." *Id.* at ¶ 9. We found that the failure to notify the defendant of those two specific penalties amounted to a "complete failure to comply and therefore, the plea must be vacated without the necessity of showing prejudice." *Id.*

7.

**{¶ 21}** More recently, in *State v. Kouts*, 6th Dist. Sandusky No. S-16-012, 2017-Ohio-2905, the defendant pled guilty to two counts of gross sexual imposition and five counts of pandering sexually oriented material. Although the trial court informed the defendant of his registration requirement as a Tier III sex offender and the fact that the community notification requirements were not applicable, the court did not inform him of the residential restrictions outlined in R.C. 2950.034. *Id.* We found that "the trial court completely failed to comply with Crim.R. 11(C)" and remanded the case to the trial court for further proceedings. *Id.* at ¶ 13.

**{¶ 22}** Pursuant to *Anders*, if any potential error has merit, we are to afford appellant new counsel and an opportunity to argue the appeal. We think that a potential error exists as to whether the court's failure to address the requirements regarding community notifications and residential restrictions rendered Gilbert's guilty plea involuntary under Crim.R. 11(C)(2). Therefore, we grant appointed counsel's request to withdraw from the case, and we appoint Laurel Kendall, Esq. (Ohio Supreme Court No. 0083110), 1709 Spielbusch Avenue, Suite 110, Toledo, Ohio, 43604, to represent Gilbert for purposes of this appeal.

**{¶ 23}** Gilbert's newly appointed counsel is granted 20 days from the date of this order to file an original brief in this matter. Thereafter, briefing shall proceed pursuant to App.R. 18.

Motion granted.

8.

Arlene Singer, J.                         _____
                                                          JUDGE
James D. Jensen, P.J.

                                          _____
Christine E. Mayle, J.                                    JUDGE
CONCUR.

                                          _____
                                                          JUDGE